IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00104-F-1
No. 5:14-CV-00073-F

| | | |
|---|---|---|
| STEPHON BULLOCK, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Stephon Bullock's Motion for Appointment of Counsel [DE-172]. In his motion, Bullock notes that counsel was appointed to assist him with his *Simmons* claim, and Bullock argues that counsel's appointment should be expanded to cover his ineffective assistance of counsel claim as well.

There is no constitutional right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). In this case, the court concludes that the interests of justice do not require appointment of counsel to address Bullock's ineffective assistance of counsel claim at this time. Should the court later determine that Bullock's § 2255 motion warrants an evidentiary hearing, appointed counsel's representation will be expanded.

In light of the foregoing, Bullock's Motion for Appointment of Counsel [DE-172] is DENIED without prejudice to him to renew at a later time.

SO ORDERED.

This the 27 day of August, 2014.

James C. Fox
Senior United States District Judge