IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00104-F-1
No. 5:14-CV-00073-F

| | |
|---|---|
| STEPHON BULLOCK, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the court on the Government's Motion to Dismiss [DE-146] Stephon Bullock's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-135, DE-139].[1] For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

### I. Factual and Procedural Background

On April 16, 2009, Bullock was charged in three counts of a four-count indictment. *See* Indictment [DE-1]. In Count One, Bullock was charged with conspiracy to distribute more than 5 kilograms of cocaine, more than 50 grams of cocaine base (crack), more than 100 grams of heroin, and a quantity of marijuana, in violation of 21 U.S.C. § 846. Count Three charged Bullock with distribution of more than 5 grams of cocaine base (crack) and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). In Count Four, Bullock was charged with possession with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

---

[1]Bullock's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a nonconforming document [DE-135], which was filed on February 7, 2014. At the court's direction, Bullock filed a "conforming" motion [DE-139] on February 24, 2014.

At his arraignment held on September 8, 2009, pursuant to a plea agreement [DE-52], Bullock pled guilty to Count One. It was agreed that Counts Three and Four would be dismissed at sentencing. [DE-52] at 5.

On March 2, 2010, Bullock was sentenced to 221 months' imprisonment on Count One. *See* Judgment [DE-82]. Bullock did not appeal his conviction or sentence.

Bullock filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-135] on February 7, 2014. In his section 2255 motion, Bullock argues that he is entitled to relief on the following grounds: (1) he is entitled to a sentence reduction based on the Fair Sentencing Act ("FSA"), *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and amendments to the Sentencing Guidelines; (2) the pre-FSA regime that applied to him at sentencing violates the Equal Protection Clause; and (3) his attorney provided ineffective assistance of counsel by not challenging or appealing his "patently illegal" sentence. The Government has moved to dismiss Bullock's section 2255 motion on the basis that it is untimely and Bullock has failed to state a claim upon which relief can be granted.

## II. Discussion

**Bullock's Motion is Untimely.**

A person convicted of a federal offense has one year to file a section 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the

2

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

The court finds that Bullock's section 2255 motion was not filed within one year of any of the circumstances set forth in section 2255(f), and as such, his motion is time-barred. Bullock's Judgment [DE-82] was entered on March 9, 2010, and he filed the instant section 2255 motion on August 27, 2012, at the earliest.[2] With respect to section 2255(f)(1), Bullock's motion was filed well over a year after the judgment against him became final. Additionally, Bullock does not allege that governmental action impeded his ability to file his section 2255 motion. Thus, Bullock's section 2255 motion is not timely under section 2255(f)(2). Bullock's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as Bullock's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, Bullock's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). As the Fourth Circuit recently held, a change in the law is not cognizable under section 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en

---

[2]Bullock's first motion attacking the validity of his sentence was filed on August 27, 2012. *See* DE-119.

3

banc). In sum, Bullock's motion was not filed within one year of any of the circumstances described in section 2255(f), and as such, it is not timely.

The court further finds that Bullock is not entitled to equitable tolling. Equitable tolling is available only in "'those rare instances where–due to circumstances external the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010).[3] In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds no extraordinary circumstances in the record which prevented Bullock from filing a timely section 2255 motion. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Moreover, in the en banc *Whiteside* decision, the Fourth Circuit Court of

---

[3]Although *Holland* concerned a state prisoner's federal habeas action under section 2254, the Fourth Circuit has applied its rationale to federal prisoners' section 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

4

Appeals held that a change in the law regarding career offender enhancements does not justify tolling of the statute of limitations. *See Whiteside*, 775 F.3d at 184-86. Accordingly, the court concludes that the doctrine of equitable tolling does not apply in this case.

### III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-146] is ALLOWED and Bullock's section 2255 motion [DE-135, 139] is DISMISSED. The court concludes that Bullock has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the ___ day of April, 2015.

_____
James C. Fox
Senior United States District Judge

5

Case 5:09-cr-00104-F   Document 189   Filed 04/10/15   Page 5 of 5